## McDONALD v. MAXWELL et al.

(Court of Appeals of District of Columbia. Submitted March 1, 1926. Decided May 3, 1926.)

No. 4300.

Appeal and error ☞1176(1)—Reversal of decree affecting rights under will, with directions to enter decree and instruct executors in accordance with agreement of parties, held warranted, as protecting rights of minor and effecting intent of testator (Code, § 1023).

Where son and sole heir of testator asserted that will was void, as violative of statute of perpetuities (Code, § 1023), and that he was entitled to estate as on intestacy, but on appeal from decree dismissing his bill moved that court adopt view of executors and reverse decree, with directions to instruct accordingly, held, that request would be granted, where interests of minors would be protected and testator's intent effected.

Appeal from the Supreme Court of the District of Columbia.

Suit by James McDonald, Jr., against Lawrence Maxwell and another, executors of and trustees under the last will and testament of James McDonald, deceased, and others. From a decree dismissing the bill, plaintiff appeals. Reversed and remanded, with directions.

See, also, 55 App. D. C. 375, 6 F.(2d) 678.

J. J. Lynch, of Chattanooga, Tenn., G. E. Hamilton, J. J. Hamilton, G. E. Hamilton, Jr., Edmund Brady, and H. R. Gower, all of Washington, D. C., M. M. Allison, of Chattanooga, Tenn., and J. W. Davis, of New York City, for appellant.

F. D. McKenney, J. S. Flannery, R. D. Quinter, and G. R. Beneman, all of Washington, D. C., and Ferdinand Tannenbaum, of New York City, for appellees.

•Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. The bill in this case was filed in the lower court by James McDonald, Jr., the only child and heir at law of James McDonald, deceased, a resident of the District of Columbia at the time of his death, alleging that certain provisions of the last will and testament of the decedent are in conflict with the law against perpetuities, and are therefore void, and praying the court accordingly to decree that plaintiff is entitled as sole heir at law to the possession of that portion of the estate which testator attempted to dispose of by means of the void provisions. The lower court dismissed the bill for want of substance, and the plaintiff has appealed.

The will was executed by James McDonald on June 26, 1913. At that time James McDonald, Jr., was married, and his first child was en ventre sa mère. This child, James McDonald, 3d, was born September 10, 1913, and is yet living. On April 14, 1914, a codicil was executed by the testator, and on January 13, 1915, testator died, at which time the second child of James McDonald, J., was en ventre sa mère. This child, Robert Alexander McDonald, was born on May 12, 1915, and is still living. Plaintiff has no other living children. On January 20, 1915, the will and codicil were duly admitted to probate and record by the Supreme Court of the District of Columbia, holding a probate court, and letters testamentary thereon were duly issued to Lawrence Maxwell and the Fulton Trust Company of New York, who are named as executors in the will.

Plaintiff's bill was filed in the lower court on May 6, 1922, at which time the principal of the estate was about $2,500,000, and the accumulated income was $756,537.56. These amounts have since been increased by additions to capital and income, and on July 12, 1923, the date of the executors' ninth account, the aggregate thereof was about $5,000,000.

The statutes of the District of Columbia against perpetuities, which are invoked by the plaintiff, read as follows:

"Sec. 1023. Perpetuities.—Except in the case of gifts or devises to charitable uses, every future estate, whether of freehold or leasehold, whether by way of remainder or without a precedent estate, and whether vested or contingent, shall be void in its creation which shall suspend, or may by possibility suspend, the power of absolute alienation of the property, so that there shall be no person or persons in being by whom an absolute fee in the same, in possession, can be conveyed, for a longer period than during the continuance of not more than one or more lives in being and twenty-one years thereafter."

"Sec. 1036. * * * All the provisions of this subchapter shall apply to personal property generally except where from the nature of the property they are inapplicable."

The will in question is divided alphabetically into eighteen paragraphs. Paragraphs A to H contain various bequests not involved in this case.

In paragraph I the testator gives his son, James McDonald, Jr., an annuity of $10,000 until he becomes 26 years of age, $12,000 from that age until the age of 30 years, and

$15,000 from that age until the estate is divided according to the will. James is also given an annual allowance of $2,500 for "each child his wife may bear him" until the child reaches the age of 15 years, and $3,000 from that age until the child becomes 21 years of age. (By the third paragraph of the codicil these annuities to James are increased to $15,000, $18,000, and $20,000, respectively, and the following provision is substituted for the foregoing annuities given James because of the children, to wit: "James shall also have an additional annuity of twenty-five hundred dollars for each child his wife may bear him and living at my decease until the child reaches the age of fifteen years after that the said additional annuity shall be three thousand dollars until the child reaches the age of twenty-one years.")

In paragraph J of the will the testator gives to James his library, family pictures, and effects, also certain family jewelry, with directions that the latter shall go to the eldest son from one generation to another, with the following expression of his purpose: "My desire being that the jewelry continues to be worn by a McDonald so long as a direct descendant of mine is alive."

In paragraph K the executors are authorized "to invest in any business of which they approve and in the management of which James must take an active part any sum not exceeding one hundred thousand dollars ($100,000). All profits resulting from the investment shall go entirely to James but the principal shall remain part of the estate until the estate is divided in accordance with the provisions hereinbefore stated and may be recalled by the executors if they deem it desirable to do so before the division takes place." The testator also authorizes the executors "to have built for James a residence at such time and place as he may designate at a cost of not exceeding thirty thousand dollars ($30,000)." (In the sixth paragraph of the codicil the testator revokes these provisions but gives James a sum, not to exceed fifty thousand dollars, "for the purpose of erecting a house at such time and place as my said son James may designate.")

In paragraph L of the will the testator gives certain directions in relation to a residence owned by him in London, England. The succeeding paragraphs of the will, to wit, M, N, O, P, Q, and R, contain the provisions whereby the testator disposes of the residue of his estate, comprising its major value. These paragraphs are as follows:

"(M) Each child of James, by his wife, shall after reaching the age of twenty-one (21) years receive an Annuity of four thousand dollars ($4,000) until the oldest surviving one shall reach the age of thirty (30) years when if James is still living the estate shall be divided as follows: One half (½) shall go to James the remaining one half (½) shall be divided between the children share and share alike. If any of the children shall have died before reaching the age of thirty (30) years leaving a wife and child or children the share of such child shall go to the wife and child or children in such manner as the executors may deem best. The share of the child who has reached the age of thirty years shall be made over to him at once but the shares of those who have not reached that age shall be held in trust by the executors and shall be made over to them as they reach the said age. The share or shares of any child or children who may have died before reaching said age leaving a wife and issue may be divided between the wife and issue at such time and in such manner as the executors may deem best. This provision applies in the event of the deceased child being a woman in which case the word husband shall be substituted for that of wife.

"(N) If James should die leaving a wife and issue the widow shall receive from the Estate an annual allowance of fifteen thousand dollars ($15,000) until the first child of James shall reach the age of thirty (30) years when it still living she shall receive one-third (⅓) of the estate the remaining two-thirds (⅔) shall be divided among the issue in the manner set forth in paragraph M.

"(O) If James should die leaving a widow but no children or issue of children, the widow shall receive one-third of the estate and the remaining two-thirds (⅔) shall be divided equally between my niece Nellie Carpenter or her direct descendants—the direct descendants of my present wife—the direct descendants of my first wife (Carre Rule) and the Protestant Widows' and Old Men's Home in Cincinnati, O.

"(P) If James should die leaving neither widow nor issue not direct descendants of issue the entire estate shall be equally divided between the beneficiaries named and in the manner set forth in paragraph O.

"(Q) If James should die leaving a widow she shall have during her life the use of rent of any residence that may have built for James under the provision set forth in paragraph K.

"(R) I hereby appoint Lawrence Maxwell of Cincinnati, O., and the Fulton Trust Co., 149 Broadway, New York, to be the first executors of this will and testament. They

shall have as full and complete powers as regards the management of the estate as I myself would have if living—it being understood however that they shall carry out all the provisions set forth in this will and any codicil or codicils I may hereafter make to it. They shall have power to nominate a successor to either of them who may desire to retire from the executorship or who may from any cause be unable to fulfill the duties of executor. This authority shall extend to all their successors. In the event that from some unforeseen reason only one of the executors is available to attend to any matter requiring immediate attention such executor shall have all the power and authority that could be exercised by the two acting together. If a successor to a retiring executor has not been nominated prior to the retiring executor having ceased to act, the remaining executor shall in consultation with my son James—if he is then living—nominate the successor. If James is not then living the surviving executor shall with the approval of the court having jurisdiction nominate the successor. It is natural and desirable that the Fulton Trust Company should be the custodian of the assets of the estate, but all transactions of any nature outside of those demanded by the provisions of this will and any codicils shall have the approval of the other if another exists at the time. As long as Lawrence Maxwell continues to be an executor he shall have full charge of all legal matters pertaining to the executorship. The executors shall have the power to have this will probated in any court they may select—if in the meantime I have not acquired a residence in the United States. The executors shall receive such remuneration as is customary in such cases and shall not be required to furnish any bond or security."

The appellant, James McDonald, Jr., in his bill and the briefs filed in its support, has contended that so much of the testator's will as deals with the residuary estate, namely, paragraphs M, N, O, and P, is wholly void, and that said estate fell as upon intestacy to the appellant as the testator's sole surviving child and heir at law. He has based this contention upon the view that no estate vested in possession under said will within the period demanded by the aforesaid statute against perpetuities, and that clauses, M, N, O, and P constitute so far an entire and indivisible testamentary scheme as to make the invalidity of any part of said scheme fatal to the whole.

In addition, the appellant has asserted by his bill that under said will the executors have no right or authority to retain and accumulate the income derived from said estate or accruing thereon 'from time to time,' and that the appellant is entitled to have such income paid over to him from time to time as the same may accrue.

The executors under said will have asserted in their turn throughout this litigation, and now assert in this court, that upon the death of the testator a present estate vested in the appellant to the extent of one-half of said residuary estate, and in the infant defendants as to the remaining one-half, share and share alike, subject to the duty of the executors to retain the corpus of said estate until the period fixed by the will for the distribution of the same shall arrive, to wit, until the oldest surviving child of appellant, living at the death of the testator, shall reach the age of 30 years.

By the decree below appellant's bill was dismissed upon motion to that effect, but jurisdiction of the cause was expressly retained for such further orders or instructions regarding the administration of the trusts created by said will as might be deemed necessary upon application of any of the parties to said suit.

It is now stated in this court to be the desire of the appellant, and of the other parties to this suit, that the same may be determined as speedily as possible, having a just regard to the rights of all parties in interest, and especially to the rights of the infant defendants, the children of the appellant. The appellant therefore proposes that the court shall now accept the interpretation placed upon the will of James McDonald by the counsel for the executors herein, and direct the court below to enter a decree instructing the executors and trustees thereunder as follows:

(1) That upon the death of the testator, James McDonald, the appellant, James McDonald, Jr., took a present vested interest in the undivided one-half of the testator's estate after the payment of debts, specific legacies, annuities, and costs of administration, the corpus thereof to be paid to said James by the executors under the will when his oldest child living at the testator's death shall reach the age of 30 years.

(2) That pending the payment to said James of the principal of his one-half interest in said estate he is entitled to receive, and the said executors and trustees shall pay to him, in addition to the annuity provided for him by the codicil of said will, the cash income upon the said one-half interest accrued

thereon to this date, and the future cash income thereon from time to time as the same shall accrue hereafter.

(3) That upon the death of the testator, James McDonald, the infant defendants and appellees, James McDonald, 3d, and Robert Alexander McDonald, took a present vested interest in the remaining one-half of the estate of said testator after the payment of debts, specific legacies, annuities, and costs of administration, the same to be divided between them, share and share alike; such division and distribution to be made when the oldest of said children shall reach the age of 30 years, and otherwise provided by the terms of said will.

In answer to this proposal of the appellant, the executors and trustees of the estate say that they cannot deny that the claim of the appellant to the income from his vested undivided one-half share in the net residuary estate of the testator "is a logical deduction from the position assumed and the contention insisted upon by the executors and trustees in their brief filed in this cause."

The court has carefully considered the proposal of the appellant and the statement made by the executors and trustees, with the purpose of protecting the rights and interests of all parties to the record, especially the interests of the minor defendants herein, and also to give effect to the intentions of the testator as expressed in the will, and we are convinced that these considerations require that the proposal aforesaid should be approved.

It is accordingly adjudged that the decree of the lower court dismissing the appellant's bill be and the same hereby is reversed, and this cause is remanded to the lower court, with instructions to enter a decree instructing the executors and trustees aforesaid to proceed in the execution and performance of said trust as follows, to wit:

(1) That upon the death of the testator, James McDonald, the appellant, James McDonald, Jr., took a present vested interest in the undivided one-half of the testator's estate after the payment of debts, specific legacies, annuities, and costs of administration, the corpus thereof to be paid to said James by the executors under the will when his oldest child living at the testator's death shall reach the age of 30 years.

(2) That pending the payment to said James of the principal of his one-half interest in said estate he is entitled to receive, and the said executors and trustees shall pay to him, in addition to the annuity provided for him by the codicil of said will, the cash income upon the said one-half interest accrued thereon to this date and the future cash income thereon from time to time as the same shall accrue hereafter.

(3) That upon the death of the testator, James McDonald, the infant defendants and appellees, James McDonald, 3d, and Robert Alexander McDonald, took a present vested interest in the remaining one-half of the estate of said testator after the payment of debts, specific legacies, annuities, and costs of administration, the same to be divided between them, share and share alike, such division and distribution to be made when the oldest of said children shall reach the age of 30 years, and otherwise provided by the terms of the will.

The cause is also remanded for such further orders or instructions regarding the administration of the trusts created by said will, consistently with the foregoing, as may be deemed necessary upon application of any of the parties to the suit. The costs to be paid by the estate.