**FULTON TRUST CO. OF NEW YORK et al.
v. BANK OF AMERICA OF CALI-
FORNIA.**

No. 5153.

Court of Appeals of District of Columbia.

Argued May 8, 1931.

Decided June 1, 1931.

F. D. McKenney, J. S. Flannery, G. B. Craighill, and R. D. Quinter, all of Washington, D. C., for appellants.

W. F. Norman, of Washington, D. C., and J. J. Lynch, of Chattanooga, Tenn., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

This is an appeal from a decree directing the appellants, as trustees under the last will and testament of James McDonald, Sr., deceased, to deliver over to appellee as ancillary guardian of James McDonald, III, and Robert Alexander McDonald, minors, certain accumulated income, together with income still accruing upon the share of the minor wards in the estate of their grandfather, James McDonald, Sr., deceased.

James McDonald, Sr., the testator, was a resident of the District of Columbia, and departed this life on January 13, 1915, leaving a large estate consisting entirely of personal property, survived by a widow, who was his second wife, and by a son by his first wife, James McDonald, Jr., who had one son James McDonald, III, born September 10, 1913, and a second son, Robert Alexander McDonald, born May 12, 1915, soon after his grandfather's death. The decedent left no other child or grandchild surviving him, and the surviving widow of decedent, being specially provided for, does not figure in this case.

The last will of decedent bears date of June 26, 1913, with a codicil dated April 14, 1914, and was duly admitted to probate on January 20, 1915, by the Supreme Court of the District of Columbia, holding a probate court.

By the provisions of the will and codicil, the testator gives to his son, James McDonald, Jr., an annuity of $15,000 until he becomes 26 years of age, $18,000 from that age until the age of 30 years, and $20,000 from that age, until the estate is divided according to the terms of the will. James is also given an annual allowance of $2,500 for each of his children (these minors) until they reach the age of 15 years, and $3,000 annually until they reach the age of 21 years. Each grandchild, after reaching the age of 21 years, shall receive an annuity of $4,000 until the oldest surviving child shall reach the

age of 30 years, when, if James is still living, the estate shall be divided as follows: to wit, One-half shall go to James, the remaining one-half shall be divided between his children share and share alike; the share of a child who has reached the age of 30 years shall be made over to him at once, but the shares of any who have not reached that age shall be held in trust by the executors, and shall be made over to them as they severally become 30 years of age.

The two grandchildren of James McDonald, Jr., living at the decease of their grandfather, are still living. The oldest of them is now about 18 years of age. The fund now demanded by the ancillary guardian is the accrued and accruing interest upon one-half of the estate which was bequeathed to them by the will, and which is to be divided between them when the oldest reaches the age of 30 years. It is claimed by the ancillary guardian that at the death of the testator the minor grandchildren took a present vested interest in the one-half of the estate, to be divided between them in equal shares when the oldest grandchild reaches the age of 30 years, and that until that time they are entitled to receive the income upon such vested interest as the same has accrued, and will continue to accrue, until the distribution of the estate. The trustees of the estate have refused to pay the income to the minors or to their guardian, and the ancillary guardian prays for an order requiring them to do so.

This claim was sustained by the lower court, and an order was entered directing the payment by the trustees of the accrued and accruing income, as aforesaid, to the ancillary guardian.

We do not agree with the conclusion reached by the lower court. It is plain from the terms of the will that the testator intended and understood that he was providing for his grandchildren during their minority by means of the allowance to their father of $2,500 for each child until he became 15 years of age, and $3,000 for each child until reaching the age of 21 years, which sums were bequeathed to their father, James McDonald, Jr., in addition to the personal allowances bequeathed to him; and that the annuity of $4,000 for each child, after becoming 21 years of age and continuing until the division of the estate, was to be the exclusive provision for them during that period. Accordingly, it was not the will of the testator that the accruing income from their one-half interest in the estate should be paid to either of the minors before reaching the age of 30 years.

On May 6, 1922, James McDonald, Jr., commenced a suit in the Supreme Court of the District of Columbia, against the executors and legatees under testator's will, claiming that the legacies above set out and certain others in the will were null and void under the statute against perpetuities, and that claimant, as sole heir and next of kin of testator, was vested with the absolute title to all that portion of the estate so affected, including the one-half interest in the estate bequeathed to these minors. He accordingly prayed immediate possession of all such parts of decedent's estate. The lower court held against his claim, and an appeal was taken to this court. McDonald v. Maxwell et al., 56 App. D. C. 287, 12 F.(2d) 822. It is insisted by the appellees in this case that our decision in that case directly sustains their present contention.

We do not agree with this view. Our finding and order in that case, respecting these minor grandchildren, reads as follows: "(3) That upon the death of the testator, James McDonald, the infant defendants and appellees, James McDonald, 3d, and Robert Alexander McDonald, took a present vested interest in the remaining one-half of the estate of said testator after the payment of debts, specific legacies, annuities and cost of administration, the same to be divided between them share and share alike, such division and distribution to be made when the oldest of said children shall reach the age of 30 years, and otherwise provided by the terms of the Will."

This finding and order plainly recognizes that the distribution to the grandchildren is to be made subject to the preceding provisions of the will, which, as already stated, plainly provide that they are to receive only the specific legacies granted to them by the will, until the general distribution shall be made when the oldest becomes 30 years of age.

The decree of the lower court is reversed, with costs, and this cause is remanded, with directions to dismiss the plaintiff's petition.