### McDONALD v. FULTON TRUST CO. OF NEW YORK et al.
### No. 5626.

Court of Appeals of the District of Columbia.
Argued Jan. 10, 1933.
Decided March 6, 1933.

George E. Hamilton, John J. Hamilton, George E. Hamilton, Jr., and Henry R. Gower, all of Washington, D. C., and J. J. Lynch, of Chattanooga, Tenn., for appellant.

Frederic D. McKenney, John S. Flannery, and G. Bowdoin Craighill, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order of the Supreme Court of the District of Columbia, sitting as a probate court, approving certain accounts of the appellees as trustees of the estate of James McDonald, deceased, and dismissing appellant's bill for a review thereof.

James McDonald, a resident of the District of Columbia, departed this life January 13, 1915. His last will was admitted to probate by the Supreme Court of the District of Columbia, acting as a probate court, on January 20, 1915, and letters testamentary were issued to the Fulton Trust Company of New York, and Lawrence Maxwell, of Cincinnati, Ohio, who were named as executors in the will.

On May 6, 1922, James McDonald, Jr., the only child and heir at law of the decedent, and one of the devisees named in the will, filed a bill in the lower court, alleging that certain provisions of the will were in conflict with the law against perpetuities, and were therefore void. The bill was dismissed by the lower court, but upon appeal this court reversed the dismissal and remanded the case to the lower court with certain findings and instructions.

Our opinion in that case is reported in McDonald v. Maxwell et al., 56 App. D. C. 287, 12 F.(2d) 822, and should be read together with our opinion in the present case. It was there adjudged and decreed by us in part as follows, to wit:

"(1) That upon the death of the testator, James McDonald, the appellant, James McDonald, Jr., took a present vested interest in the undivided one-half of the testator's estate after the payment of debts, specific legacies, annuities, and costs of administration, the corpus thereof to be paid to the said James by the executors under the will when his oldest child living at the testator's death shall reach the age of 30 years.

"(2) That pending the payment to said James of the principal of his one-half interest in said estate he is entitled to receive, and the said executors and trustees shall pay to him, in addition to the annuities provided for him by the codicil of said will, the cash income upon the said one-half interest accrued thereon to this date and the future cash income thereon from time to time as the same shall accrue hereafter."

The lower court, after the cause was thus remanded to it, entered a decree on May 10, 1926, giving effect to the findings of this court, and thereafter the executors restated the accounts filed by them in administration of the estate, and ascertained the net principal of the estate to be retained by them as trustees and the net income from the date of testator's death, one-half of which net income they distributed or credited to James McDonald, Jr. Since July 12, 1923, the trustees (Joseph S. Graydon having succeeded Lawrence Maxwell as trustee) have filed accounts showing that, commencing with the year 1923 and continuing until the year 1929, the trustees out of income received by them annually paid to the District of Columbia taxes assessed upon the intangible personal property held by them as assets of the trust. The aggregate amount of such payments is said to be approximately $170,000. The trustees regularly charged the amounts thus paid for taxes to income received from the trust fund, thereby reducing the income paid to James McDonald, Jr., in the sum of one-half of the taxes paid in the respective years. The lower court approved this action of the trustees, whereupon appellant filed a bill for review of the court's ruling. The bill was dismissed by the court, and this appeal was taken. The only question presented to the court in this case is whether the amounts thus paid for taxes should be charged by the trustees to the income of the estate or to the corpus thereof. It is contended by the appellant James McDonald, Jr., that his one-half of the income of the estate should not be reduced by one-half of the taxes thus paid, but that the taxes should be entered in reduction of the corpus of the estate, to be settled for upon final distribution of the trust fund. Appellant's contention is clarified by the following statement contained in his supplemental brief: "So as to make clear the issue, we desire to say that we are not attacking the good faith of the trustees, nor the right of the trustees to be credited with the sums paid for District of Columbia taxes, or any other items set out in the various accountings. The real question is the error of the lower court in holding, in

the decree complained of by the bill of review, that the sums paid for these taxes should be charged against income instead of corpus. If this was an error it appears on the face of the decree complained of and obviously falls within that class of errors, apparent on the face of the record, that may be corrected by a bill of review."

We cannot sustain the contention of appellant. We think the case is to be answered by the ordinary rule affecting payment of taxes on trust estates. In 2 Perry on Trusts (6th Ed.) pp. 915, 916, it is said: "The ordinary taxes and expenses in the care and management of the capital are charges on a life estate, to be paid out of the income. But in some cases where an arrangement which gives rise to taxes is entered into for the benefit of both capital and income, the taxes may be divided between them. The income of a trust estate must bear the expense of administering it."

We do not think that the findings or instructions in the former case support appellant's claim. It is true that the lower court, for the purpose of finding the capital of the trust which was to be handed over by the executors to the testamentary trustees, ordered that the corpus of the trust estate should be charged with all debts, specific legacies; annuities, commissions, counsel fees, and other costs of administration, which may have been deducted from the income excepting commissions heretofore allowed upon income to show in the account the net principal of the estate to be retained by them as trustees and the net cash income therefrom, and that the cash income upon the one-half of such principal should be paid to James McDonald, Jr., from time to time as it should thereafter accrue. In conformity with this order, the executors turned over to themselves as trustees the net balance of principal and income shown by their final executors' account. But nothing is disclosed in the record which removes the present case from the general rule relating to trust funds as set out in the quotation from Perry on Trusts, supra. Cf. Rothschild v. Weinthol, 191 Ind. 85, 131 N. E. 917, 132 N. E. 687, 17 A. L. R. 1390. And, furthermore, the appellant has repeatedly approved accounts which showed that the trustees had followed this rule.

We therefore hold that the trustees were correct in charging the amount of taxes paid against the income of the fund, one-half of which was properly charged to the share of income payable to appellant. The decree of the lower court overruling the bill of review filed by appellant is accordingly affirmed.