**McDONALD et al. v. FULTON TRUST CO. OF NEW YORK et al.**

**No. 7287.**

United States Court of Appeals for the District of Columbia.

Decided Aug. 21, 1939.

Rehearing Denied Oct. 23, 1939.

Ralph D. Quinter, of Washington, D. C., and U. S. Webb and Hester Webb, both of San Francisco, Cal., for appellants.

F. D. McKenney, J. S. Flannery, and G. B. Craighill, all of Washington, D. C., for appellees.

Before EDGERTON, VINSON, and RUTLEDGE, Associate Justices.

PER CURIAM.

This is a bill for instructions, brought by the trustees under the will of James McDonald. Cf. McDonald v. Maxwell, 56 App.D.C. 287, 12 F.2d 822, in which the pertinent parts of the will are set out; Fulton Trust Company of New York et al. v. Bank of America of California, 60 App.D.C. 240, 50 F.2d 1005, certiorari denied 284 U.S. 674, 52 S.Ct. 129, 76 L.Ed. 570. In the latter case we upheld the validity of the testator's provision that his grandchildren, James McDonald III and Robert Alexander McDonald, should receive only fixed annuities, and not the entire income from their shares of the estate, until the oldest surviving one reached the age of 30. Those grandchildren, then minors, were represented in that case by a guardian. They have since come of age, and are the appellants here. Neither has reached the age of 30. Each now receives $14,000 per year from the estate. The District Court has held that they are not yet entitled to receive more. We see nothing in the present situation which requires us to reexamine the Bank of America case.

When that case was decided James McDonald, Jr., was alive. He has since died. Appellants contend that the testator's whole purpose in creating the trust was accomplished at the death of James, Jr.; that the payment of the share of James, Jr., to his executor, which has now been made, leaves appellants as the sole beneficiaries of the trust fund; and that it should now be distributed to them. Their first premise, regarding the testator's purpose, is erroneous. Clauses M and N of the will show that the testator sought to provide a trust for his grandchildren until they should reach thirty, whether or not James Jr. should die in the meantime. We need not decide whether Clause N is valid. Clause M, which was held valid in McDonald v. Maxwell [56 App.D.C. 287, 12 F.2d 823], provides that "Each child * * * shall * * * receive an Annuity * * * until the oldest surviving one shall reach the age of thirty * * *"; the context, "when if James is still living the estate shall be divided

as follows," deals with the manner but not the time of distribution. The courts are sharply divided on the question whether they will terminate a trust, which is not a spendthrift trust, when some of its purposes are not yet fulfilled, but all the beneficiaries are of full age and sound mind and have petitioned for the distribution of the trust property. 4 Bogert, Trusts and Trustees, § 1002, p. 2933. The law of the District of Columbia is settled, adversely to termination, by Shelton v. King, 229 U. S. 90, 33 S.Ct. 686, 57 L.Ed. 1086.

Affirmed.