## VELLACOTT v. MURPHY et al.

(Circuit Court of Appeals, Fifth Circuit. January 4, 1927.)

No. 4911.

**1. Trusts ⊙⇒9—Testamentary trust is not invalidated by fact that trustee is beneficiary.**

A testamentary trust is not invalidated by the fact that some of the trustees named are beneficiaries under the trust, though a beneficiary may not be competent to act in performing duties directly concerning his individual interest.

**2. Bankruptcy ⊙⇒143(10)—Bankrupt held to have vested remainder, which passed to his trustee, in property held in trust, but subject to the terms of the trust until its expiration.**

Where a testamentary trust was to terminate in ten years, and the trust estate then be divided between the children of testatrix, the share of any deceased child to go to his or her surviving children, if any, but during the trust period the property not to be subject to alienation or incumbrance by a beneficiary or to process against him, a son of testatrix had a vested remainder, which, on his bankruptcy, passed to his trustee, subject to possession and control of the testamentary trustees during the ten-year period.

**3. Bankruptcy ⊙⇒145(1)—Amount due beneficiary of trust for compensation as trustee held to pass to his trustee in bankruptcy (Bankruptcy Act, § 70a [Comp. St. § 9654]).**

A provision of a testamentary trust that the shares of the beneficiaries should not be subject to alienation or incumbrance by them, or to process against them during the trust period, does not apply to the compensation of a beneficiary as a trustee under the will, and the amount due him as such at the time of his bankruptcy passed to his trustee, under Bankruptcy Act, § 70a (Comp. St. § 9654).

Appeal from the District Court of the United States for the Western District of Texas; Charles A. Boynton, Judge.

Suit by Frank W. Vellacott, trustee in bankruptcy of Joseph A. Caples, against Robert Murphy and others, as trustees and executors under the will of Mrs. M. A. Caples, deceased. Decree for defendants, and complainant appeals. Reversed and remanded.

R. A. D. Morton, of El Paso, Tex., for appellant.

J. G. McGrady, of El Paso, Tex. (Lea, McGrady, Thomason & Edwards, of El Paso, Tex., on the brief), for appellees.

Before WALKER, BRYAN and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was a suit by the trustee of the estate of Joseph A. Caples, who was adjudged bankrupt under a petition filed in September, 1924, against said Joseph A. Caples, his brother Edward Caples, and James L. Marr, as trustees and executors under the will of Margaret A. Caples, the mother of the bankrupt, who died in November, 1919. The suit asserted the claim that the appellant, the trustee in bankruptcy, was entitled to property held by the persons sued, the appellees, under the terms of a codicil to the will of said deceased, which codicil contained the following provisions:

"It is my intention by said will and this codicil to include and dispose of all of my estate and all of the property and effects belonging to the community estate of myself and my deceased husband Richard Caples at time of his death including his half interest in such community estate as it existed at time of his death, except such part of that estate as has already been sold or conveyed by me; and that all five of my children shall take all such property and estate under my said will and this codicil in the manner given to them or for their benefit by me and renounce in favor of my estate all interest or claim which they might have under the last will of my said deceased husband; and any such child that may refuse to so take solely under my will shall not be entitle to any part of my estate. By way of explanation I will state that since my said will was executed my son Richard Caples has conveyed to me all his interest in his father's estate, and my daughter has agreed for me to make this provision and that she will take solely under my will; and prior to said will, my other three sons had conveyed to me all their interests in their father's estate. * * *

"All of my estate, including the interest of my deceased husband as above stated, and except that disposed of by paragraphs 2 and 3 of my said will, I will, devise and bequeath in trust to my sons Edward Caples and Joseph Caples and my friend James L. Marr, as trustees for the purposes, uses and with the authority herein stated. Such trustees shall hold such estate for the term of ten years and have the legal title and possession thereof and shall keep same in repair, insured against fire, taxes paid, rent and manage same in a judicious manner, collect the rents and income therefrom pay their own fees and expenses of management and pay one fifth of the net income therefrom monthly to my daughter Margaret Barnes not to exceed three hundred dollars per month for her maintenance and the other four fifths of such net income to the extent of four hundred dollars per month shall be paid to my four sons equally, that is $100 per month to each son for their maintenance, and said trustees may in their discretion pay my said sons from time to time more

of said ⅕ income for their maintenance, such extra amount to be determined from time to time by my trustees, but on all occasions each son to be treated alike and with equality. All such payments to my sons and daughter to be made to them personally and no part of any such income shall ever be transferred or assigned by any of them and shall not be subject to any judicial process against any of them, at any time before same has been paid over to the beneficiary as herein provided. Should either of my children die before the expiration of said ten years then the child or children of such deceased child, if any, shall succeed to the rights of the child so dying; my said trustees may dispose of any part of said trust estate in the manner indicated by paragraphs nine, ten and eleven of my said will and reinvest the same. At the expiration of this trust if one child has drawn more income than another he or she shall duly account for such excess in the division of my estate. At the expiration of ten years from the date of my death I give, devise and bequeath to such of my five children Edward, Joseph, William, Richard and Margaret as shall then be living each one fifth equal share and part of my estate and the property and estate above given to said trustees in trust and the proceeds of any part of same on hand; and if either of said children should die before the expiration of such ten years leaving a child then the part that would go to my child if living shall go to the child of my child so dying; but if one or more of my children should die before the expiration of such ten years leaving no child then the part that would go to such dead child or children if living shall go to my surviving children and the children of any dead child as above provided. No child of mine shall have any right to sell, transfer, convey or encumber any part of the property or estate disposed of by this codicil until after the expiration of ten years from my death and not until the expiration of such trust and such child has received his or her part, nor shall any part of my estate or property disposed of by this codicil be seized, attached or in any manner taken by any judicial proceeding or court process against any of my children until the expiration of ten years from my death and the termination of this trust (this restraint on alienation not to apply to my homestead given to Margaret). This restraint on alienation shall not apply to my sons Edward and Joseph when acting in the capacity of trustees of this codicil and my will. I expressly revoke so much of my said will as appoints Al. G. Barnes an executor and a trustee in said will and provide that

said will shall in all respects be so amended as to provide that my will and estate shall have only three trustees and executors instead of four and that such three shall be Edward Caples, Joseph Caples and James L. Marr; and a decision of a majority of said three trustees and executors shall control; and in event of death or refusal to act of either of said three trustees then the First National Bank of El Paso shall succeed to such vacancy."

Evidence showed the following: Soon after the will was probated the trustees fixed their compensation at $1,600 each a year, $800 payable in May, and $800 payable in November. After making disbursements pursuant to the terms of the codicil, a surplus of income remained in the hands of the trustees, the accumulated surplus of income amounting to more than $20,000 at the time of the filing of the bankruptcy petition and when this suit was brought. The appeal is from a decree dismissing the bill.

[1] The trust created by the above-quoted codicil was not attacked on the ground that the share of the income of the trust estate which was to go to the bankrupt for the period of ten years could not be alienated by him or subjected to the payment of his debts; it being recognized that a testamentary provision to that effect is valid. Shelton v. King, 229 U. S. 90, 33 S. Ct. 686, 57 L. Ed. 1086; Caples v. Buell (Tex. Com. App.) 243 S. W. 1066. The so-called spendthrift trust was attacked on the grounds: (1) That two of the three trustees were also beneficiaries; and (2) that it was created for a consideration moving from the bankrupt. A testamentary trust is not invalidated by the fact that some of the trustees named are beneficiaries under the trust, though a beneficiary may not be competent to act in performing duties directly concerning his individual interest. Robertson v. De Brulatour, 188 N. Y. 301, 80 N. E. 938; Rogers v. Rogers, 111 N. Y. 228, 18 N. E. 636; Burbach v. Burbach, 217 Ill. 547, 75 N. E. 519. The second ground of attack on the trust in question is based on the proposition that a spendthrift trust is invalid as to a beneficiary who parted with a valuable consideration for his interest under it, and on the claim that the bankrupt, at the time of the death of his mother, still held a small interest in property of his father's estate which he had to relinquish to get the benefit of the trust in his favor. We do not think that the evidence was such as to call for a finding that at the time of the testator's death the bankrupt had any interest in the property which was embraced in the trust. It follows that it

was not shown that the bankrupt, by accepting the benefit of the trust in his favor, to any extent attempted to put property of his own beyond the reach of his creditors. Petty v. Moores Brook Sanitarium, 110 Va. 815, 67 S. E. 355, 27 L. R. A. (N. S.) 800, 19 Ann. Cas. 271.

We are not of opinion that the trust in question was invalid.

[2] Under the devise in question, the property embraced therein and the income of that property were to be subject to the trusts declared for the period of ten years. During that time the beneficiaries were forbidden to sell, or otherwise dispose of, or incumber, any part of that property, and the property and the income of it were not to be subject to process against a beneficiary until the expiration of that period; but then the property was to go to the testator's five children in equal shares, the share of any child who might die during that time to go to his or her surviving child. As the estate devised to the trustees was to determine upon the expiration of the period named, an event which must unavoidably happen, and as the bankrupt was alive, and nothing but his death during that period would prevent the remainder devised to him from vesting in possession, that remainder was vested in interest, subject to be divested by the bankrupt's death. McArthur v. Scott, 113 U. S. 340, 379, 5 S. Ct. 652, 28 L. Ed. 1015. The bankrupt having a vested remainder in the property held by the testamentary trustees, that estate was one which went to the trustee in bankruptcy of the remainderman. Clarke v. Fay, 205 Mass. 228, 91 N. E. 328, 27 L. R. A. (N. S.) 454; Collier on Bankruptcy (13th Ed.) 1674. But this fact does not entitle the trustee in bankruptcy to interfere with the possession and control of the testamentary trustees during the ten-year period, and the death of the bankrupt during that period would terminate the interest or estate of his trustee in bankruptcy. Caples v. Buell, supra. We are of opinion that there should have been a decree in favor of the appellant establishing his title as trustee in bankruptcy to the remainder interest devised to the bankrupt, and granting leave to the appellant to apply to the court for further orders for the protection of that interest, while the subject of it is in the custody of the appellees, or in the event of such remainder interest vesting in possession.

[3] The provisions of the codicil forbidding, during the ten-year period, alienation by the beneficiaries, or the subjecting to judicial process against them of property disposed of by the codicil, do not indicate an intention to go so far as to forbid the transfer by a trustee under the codicil of his right to an amount owing to him as compensation for his services as trustee, or the subjecting of such amount to judicial process against him. Though the bankrupt's position as a testamentary trustee and his compensation for future services as trustee were not assignable, he could transfer his right to an amount of compensation already earned by him, though that amount was not payable when the transfer was made. This being so, the bankrupt's title to the amount of compensation which was owing to him when the bankrupt petition was filed passed to his trustee in bankruptcy. Bankruptcy Act, § 70a (Comp. St. § 9654); In re Wright (C. C. A.) 157 F. 544, 18 L. R. A. (N. S.) 193; Collier on Bankruptcy (13th Ed.) 1688. It follows that the appellant was entitled to the amount which, at the date of the filing of the bankruptcy petition, was owing to the bankrupt as compensation for his services as a trustee under the codicil to his mother's will.

The decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.