**OLDS et al. v. ROLLINS COLLEGE.**

**UNIVERSiTY OF NORTH CAROLINA
v. ROLLINS COLLEGE.**

Nos. 9710, 9711.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 5, 1948.

Decided Feb. 3, 1949.

640

Mr. John E. Larson, of Washington, D. C., for appellants in No. 9710. Mr. Llewellyn C. Thomas, of Washington, D. C., also entered an appearance for appellants in No. 9710.

Mr. Ward E. Lattin, of Washington, D. C., with whom Mr. Thomas J. Beddow, of Washington, D. C., was on the brief, for appellant in No. 9711. Mr. John Lord O'Brian, of Washington, D. C., also entered an appearance for appellant in No. 9711.

Messrs. Homer Cummings and J. Edward Burroughs, Jr., both of Washington, D. C., with whom Mr. William D. Donnelly, of Washington, D. C., was on the brief, for appellees Rollins College.

Before EDGERTON, CLARK and WILBUR K. MILLER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

William Hayes Ackland, a resident of the District of Columbia, died on February 16, 1940. By his last will and testament, which had been executed on November 10, 1938, he bequeathed to his executors, Edson B. Olds, Jr., and the American Security and Trust Company, the bulk of his large fortune to be held perpetually in trust for the accomplishment of the purposes which he expressed in his will and which he "expressed to the trustees by other means."

The trustees were directed to erect, at a cost of not more than $300,000, a memorial art museum on the campus of Duke University, at Durham, North Carolina, the university to furnish the building site.[1] They were instructed to place in the museum the testator's art and literary treasures, and perpetually to maintain the building and contents, adding to the collection from time to time as funds accumulated.

Duke declined the "benefits, burdens and responsibilities" which the will offered, and did not answer a complaint filed in the United States District Court for the District of Columbia by Ackland's heirs at law to obtain a construction of the will. That court held the trust had failed because of Duke's refusal to furnish a site. Upon appeal, we rejected that ruling,[2] deciding that "the paramount, dominant and primary purpose of the testator was to give to charity generally"; that "The actual beneficiaries of the trust were intended to be students and other members of the public throughout the South, interested in art, who should visit and use the building"; that "These beneficiaries could be as well or better served by other universities"; and that the position of Duke University under the will "was more that of a trustee than the donee of a gift." Having so concluded, we held the doctrine of judicial cy pres to be applicable.[3]

---

[1] In a previous will, which was executed on May 4, 1936, and which was revoked only by the execution of the 1938 will, a similar provision had been made for the erection of a memorial art museum. But in the earlier will the testator directed that the museum "be erected upon the campus of Duke University, Durham, North Carolina, or, if permission therefor cannot be obtained, then upon the campus of the University of North Carolina, Chapel Hill, North Carolina, or, if such permission cannot be obtained from either of the said universities, then upon the campus of Rollins College, Winter

Park, Florida." The president of Duke University persuaded Ackland to designate Duke alone, which he did in the 1938 will.

[2] Noel v. Olds, 78 U.S.App.D.C. 155, 138 F.2d 581, 584, certiorari denied 1944, 321 U.S. 773, 64 S.Ct. 611, 88 L.Ed. 1067.

[3] Concerning cy pres Bogert says in his work on Trusts and Trustees, Vol. 2, § 431, page 1287:

"Roughly speaking, it is the principle that equity will make specific a general charitable intent of a settlor, and will, when an original specific intent becomes impossible or impracticable of fulfillment,

■ We noticed, too, in Noel v. Olds, the broad discretion vested in the trustees by the testator with respect to the construction and maintenance of the museum and in effect we held that the trustees had the duty and power to select a new site since Duke had refused to furnish one.[4] That being true, the District Court, upon remand, properly ordered the trustees to investigate and report with respect to the selection of a new site, although the usual practice in cy pres cases is to put that duty upon a master; for here were testamentary trustees, expressly charged by the will with that task, their decision in that respect, as in regard to any matter arising out of their administration, to "be binding and conclusive upon all concerned." [5]

After remand, the District Court entered a judgment pursuant to the mandate of this court and inter alia ordered

"5. That the Defendants and Cross-claimants, Edson B. Olds, Jr., and the American Security and Trust Company, Trustees as aforesaid, be and they hereby are authorized and directed to make an investigation of and to report to this Court, with their recommendations in regard thereto, all of the facts deemed by said Trustees to be pertinent to a determination by the Court as to whether, in order to carry out the spirit of Testator's intentions as expressed in his will and as expressed to the Trustees by other means, The University of North Carolina or Rollins College, or either of said institutions, should be designated as the site for the museum in the place and stead of Duke University, and to administer the educational and charitable trust provisions of the decedent's will therein directed to be administered by Duke University".

In obedience to this instruction, the trustees made, over a period of two years, a most careful and painstaking investigation of the two educational institutions involved. They personally visited both schools (the corporate trustee acting by its trust officer), invited and received from them detailed factual information concerning their physical equipment, curricula, endowments, financial operations, faculties, and other subjects. This task completed, the trustees filed with the court a lengthy report, summarizing the data which had been gathered and concluding:

"Bearing in mind, also, the facts and applicable principles of law hereinabove set forth, and that the 'actual beneficiaries of the trust were intended to be students and other members of the public throughout the South, interested in art, who should visit and use the building,' the trustees have come to the conclusion that The University of North Carolina, at Chapel Hill, is entitled to preference over Rollins College as a site for the museum for the following reasons:

"1. The University of North Carolina bears a greater similarity to Duke Univer-

---

substitute another plan of administration which is believed to approach the original scheme as closely as possible. It is the theory that equity has the power to mould the charitable trust to meet emergencies."

[4] Noel v. Olds, 78 U.S.App.D.C. at page 162, 138 F.2d at page 588:

"Moreover, if there were any doubt as to what the testator would have wished in the event which actually occurred, it is removed by other language which he employed in his will. In Item I, he said: 'I urge upon my executors and trustees, hereinafter named, *to carry out as nearly as possible the spirit of my intentions as expressed herein and* as may be expressed to them *by other means.*' [Italics supplied.] In Item VII(d) 8, he provided: 'I hereby give to my trustees full and complete discretion in connection with the administration of my trust estate and in carrying out the directions hereinabove contained, especially those in regard to the construction of the building hereinbefore provided for, and I direct that their decision in regard to any matter arising out of their administration shall be binding and conclusive upon all concerned.' Here is express language directing the trustees to look to other sources, well known both to testator and the trustees, to guide them in carrying out the spirit of his intentions. Such language would be without meaning if his purpose had been merely to make a gift to Duke University as a single beneficiary. It seems obvious, instead, that here was prevision of the possibility which actualy eventuated and provision for the course to be followed by his trustees if it did."

[5] See n. 4 on p. 2.

sity in location, size, standing, financial stability, cultural influence and educational facilities, purposes and standards than Rollins College.

"2. The University of North Carolina possesses far greater financial stability than Rollins College.

"3. The University of North Carolina is a more outstanding educational institution of higher learning in the South than Rollins College.

"4. The section of North Carolina where The University of North Carolina and Duke University are located is a more outstanding educational center of the South than the section of Florida where Rollins College is located.

"5. The benefits that would have resulted to the cause of art in the South in the construction, maintenance, operation and management of the Ackland Memorial Art Museum on the campus of Duke University can be more nearly duplicated and accomplished and, therefore, the charitable purposes expressed by the testator in his will and made known by him to his trustees can be more nearly approximated by the location of the museum on the campus of The University of North Carolina, at Chapel Hill, than by locating the museum on the campus of Rollins College.

"6. The location of the William Hayes Ackland Memorial Art Museum at The University of North Carolina would result in a wider distribution of its cultural benefits to students of art from the South and members of the public throughout the South, and the cause of art in the South would be better served and advanced by the location of the museum at Chapel Hill than by its location on the campus of Rollins College.

"7. The University of North Carolina is better qualified than Rollins College to

effectuate the general charitable purposes of the testator to advance the cause of art in the South through the construction, maintenance, operation and management of a memorial art museum on its campus.

"8. The University of North Carolina is fully authorized by law to provide a site for the art museum contemplated by the last will and testament of William Hayes Ackland and to administer the educational and charitable trust provisions therein directed to be administered by Duke University."

■ The first seven of the foregoing numbered paragraphs are findings of ultimate fact; that is to say, they are inferences of fact drawn from other facts proved by evidence.[6] In no sense are they conclusions of law. Moreover, the seven findings of ultimate fact quoted above are answers to the factual questions which are vital to the proper decision of this case, questions which it was the primary duty and responsibility of the trustees to answer.

■ The factual findings made by the trustees in their report were binding upon the court, if made in good faith and if not clearly erroneous, not only because of the conclusiveness which the testator gave to their decisions,[7] but also because in similar circumstances a master's findings of fact would have bound the court.[8] The good faith of the trustees is not questioned in the record, nor was it questioned by the District Court, which said in its opinion:

"The trustees have made an exceedingly detailed study and investigation into this question and have filed a voluminous and exhaustive report. Their report is exceedingly helpful to this Court. The trustees appear to have performed their functions not only thoroughly but also fairly and impartially. The Court is going to accept all of the findings of fact made by the trustees."

---

6 Cf. O'Keith v. Johnston, 9 Cir., 1942, 129 F.2d 889.

7 Shelton v. King, 1913, 229 U.S. 90, at page 94, 33 S.Ct. 686, at page 687, 57 L.Ed. 1086, in the course of which the Supreme Court said:

" * * * It is a settled principle that trustees having the power to exercise discretion will not be interfered with so long as they are acting bona fide. To do

so would be to substitute the discretion of the court for that of the trustee. Upon the same and even stronger grounds a court of equity will not undertake to control them in violation of the wishes of the testator. To do that would be to substitute the will of the chancellor for that of the testator."

8 Rule 53(e) (2), Federal Rules of Civil Procedure, 28 U.S.C.A.

The district judge received briefs and heard oral argument concerning the trustees' report, after which he filed findings of fact substantially different from those of the trustees. Basing his decision largely upon his view "that Rollins College is much more of an art center than the University of North Carolina" and that " to give this gift to the University of North Carolina would very probably lead to a result which the testator intended to exclude", he entered a judgment designating Rollins College as the site for the William Hayes Ackland Memorial Museum in the place and stead of Duke University.

From this judgment the trustees under Ackland's will and the University of North Carolina filed separate appeals, which were heard and considered as one in this court and which will be disposed of together in this opinion.

As has been said, the District Court's decision was based largely, if not entirely, upon the impression that Rollins College is much more of an art center than the University of North Carolina, and upon the further impression that Ackland had excluded North Carolina from consideration.

■ Rollins may indeed be much more of an art center than North Carolina, but that fact is not a valid basis for decision here. The testator did not seek to select the southern educational institution with the most adequate art department so that he might supplement it. He believed that neither Duke, North Carolina, Rollins nor any other southern institution was adequately equipped in that respect. His desire was to establish a center of art appreciation, rather than to supplement an inadequate art department. This was demonstrated beyond question when the trustees reported to the court the following, which may properly be regarded as a part of the spirit of Ackland's intentions expressed to them "by other means":

" * * * The testator stated to the plaintiff, Edson B. Olds, that he wished to devote his fortune to the advancement of art in the South through the establishment of a memorial art museum, with facilities for the study of art in connection with some southern state university or adequately endowed southern university * * * and that he was well aware of the lack of such facilities in the South, and that there was a great need for an outstanding art center in that section of the country."

The trustees' report further says:

"The testator made it clear to plaintiff Olds that he selected Duke because he felt that its large financial endowment would insure the permanence of the projected memorial museum * * * The two things that were paramount in his mind were the selection of a university whose financial strength would insure the permanency of the projected museum and the selection of a location which would not be likely to decline as a center of culture."

■ The testator did not compare the art facilities of Duke and Rollins, and decide that Duke had the better of it. He based his choice on Duke's greater financial strength, and the fact that its geographical area is better established as one of extensive educational and cultural advantages. The considerations just mentioned make it, in our view, inapposite to compare the art departments of Rollins and North Carolina, but render relevant a comparison of the financial resources of the two institutions, and a reasoned opinion as to which is more apt to continue as a center of culture.

Indeed the testator's purpose already has been judicially determined, in Noel v. Olds, supra, to be the establishment of an art center on the campus of a southern university which is firmly established financially in an apparently permanent environment of education and culture. Ackland dismissed Rollins College, to which he had some attachment, saying, "Its endowment is small and Dr. Holt is not immortal" and chose the great Duke University, to which he was practically a stranger, because of its large endowment and its location in a well established educational and cultural area. In these circumstances the cy pres doctrine imperatively required the trustees to select, not the small and financially weak Rollins College, but some great university as nearly similar to Duke in all respects as could be found. The record overwhelmingly shows the University of North Carolina to be such an institution. Consequently it was

the duty of the trustees to select North Carolina, unless it clearly and convincingly appeared that the testator had in effect forbidden that selection by definitely and purposefully deciding to exclude that university from consideration as the site.

The District Court's impression that the testator had excluded North Carolina from consideration by the trustees is not well founded. With respect to the location Ackland would have selected in lieu of the Duke campus, had he known that Duke would decline to furnish a site, we said in Noel v. Olds, supra, "His earlier expression of intention, under the circumstances, as shown in the will of 1936, leaves no doubt of what his intention would have been, in the event which actually occurred." The reference was to the fact that the 1936 will designated Duke, North Carolina and Rollins in that order. To be sure, the quoted sentence was written by this court after perusing a record which did not contain, as this one does, proof of conversations and letters in which the testator informally indicated in 1937 that he would choose between Rollins and Duke only. We are not impressed by those non-testamentary expressions because, regardless of them, the 1936 will naming Duke first, North Carolina second, and Rollins third remained unchanged until November, 1938, when the testator executed the last will designating Duke alone. Ackland was an attorney at law and of course understood that, had he died before making the 1938 will and if Duke had thereafter declined, his testamentary second choice of North Carolina would have prevailed.

Moreover, to say judicially that Ackland wanted to exclude North Carolina from consideration as an alternate site would be to give testamentary effect to non-testamentary expressions, which we are neither permitted nor prepared to do. We adhere to our decision in Noel v. Olds, supra, where we construed the will as envisaging the possibility of Duke's refusal, and as giving the trustees the right, in that event, to select another site. Again we quote from that opinion, " * * * here was prevision of the possibility which actually eventuated and provision for the course to be followed *by his trustees* if it did." (Emphasis supplied.)

For the reasons given, we conclude the trustees' findings were erroneously rejected by the Distict Court. Its judgment will be set aside and the cause will be remanded for the entry of a decree designating the University of North Carolina, at Chapel Hill, as the site of the Ackland Memorial Art Museum.

Reversed.