**RUST et al. v. RUST,**

No. 9997.

United States Court of Appeals District of Columbia Circuit.

Argued May 18, 1949.

Decided June 27, 1949.

Messrs. William P. MacCracken, Jr., Washington, D. C., and Raymond P. Baldwin, Boston, Mass., of the bar of the Supreme Judicial Court of Massachusetts, pro hac vice, by special leave of court, with whom Mr. Errett G. Smith, Washington, D.C., was on the brief, for appellants.

Mr. George E. Hamilton, Jr., Washington, D. C., with whom Mr. Henry R. Gower, Washington, D. C., was on the brief, for appellee.

Before EDGERTON and PROCTOR, Circuit Judges, and H. CHURCH FORD, District Judge sitting by designation.

EDGERTON, Circuit Judge.

This is a trustee's suit for instructions. Pursuant to an agreement between the settlor and his wife, the trust indenture was executed immediately after their divorce. It provides for payment to her of (a) $350 a month while she remains unmarried and (b) $150 a month while a daughter remains a minor and unmarried; any balance of income to be paid to the settlor; that the trust "shall continue during such period as is necessary to fully comply with" payments (a) and (b); "and upon such full compliance therewith, the trust hereby created shall terminate * * *" and principal and accumulated income go to the settlor or his executors or administrators.

The settlor has died. His divorced wife remains unmarried. Their daughter is no longer a minor. She is the settlor's sole heir and next of kin. She has assigned to her mother all her interest in the income of the trust. Mother and daughter have asked the trustee to terminate the trust and dispose of the principal and accumulated income in accordance with their joint order. The District Court "concluded that all of the purposes of the trust * * * have not been fully performed" and directed the trustee to continue to administer it.

■ "The general rule is that all parties in interest may terminate the trust." Helvering v. Helmholz, 296 U.S. 93, 97, 56 S. Ct. 68, 70, 80 L.Ed. 76. In a footnote to that statement the Supreme Court cited § 337 of the Restatement of the Law of Trusts, which reads: "(1) Except as stated in Subsection (2), if all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination of the trust. (2) If the continuance of the trust is necessary to carry out a material purpose of the trust the beneficiaries cannot compel its termination." Both Shelton v. King, 229 U.S. 90, 33 S.Ct. 686, 57 L.Ed. 1086, and McDonald v. Fulton Trust Co., 71 App.D.C. 36, 107 F.2d 237, illustrate the exception. In each case beneficiaries sought to terminate a trust before reaching the age— 25 in one case, 30 in the other—specified by the testator who created it. Since the testator's evident purpose of providing young adults with a secure income had not yet been fulfilled, termination was refused.[1]

■■ To say that beneficiaries cannot compel termination of a trust if its continuance is necessary to carry out a *material purpose* of the settlor is not to say they cannot do so if continuance is necessary to carry out his *intent* regarding duration of the trust. Such a proposition would go farther than our law in preferring the dead over the living and putting competent adults under guardianship. It would turn the Supreme Court's "general rule * * * that all parties in interest may terminate the trust" into a universal rule that they may not. The "purpose" with which the rule is concerned is not the settlor's intent but the aim, object or motive underlying his intent.

[1] Broad language in the Shelton opinion implying a general rule against termination conflicts with the later Helmholz case, supra.

Shortly after the McDonald decision this court used broad language overstating the general rule in favor of termination: "It is well settled law that a sole beneficiary, or several or successive beneficiaries—all of whom consent and none of whom suffer from disability—may direct that the performance of the trust be arrested, modified, or even extinguished." Washington Loan & Trust Co. v. Colby et al., 71 App.D.C. 236, 239, 108 F.2d 743, 746.

68

In this case the settlor's purposes seem to have been (1) to discharge his obligations to his divorced wife, satisfy her demands, and avoid being subjected to a decree for alimony; (2) to assure his daughter's support during her minority; and (3) to preserve the residue of the fund for himself and his next of kin. Since these purposes have been fulfilled we think the trust should be terminated as its beneficial owners desire and the fund distributed as they direct.

Reversed.