Albert R. BEATTY and Rev. Owen Washington Beatty, Appellants,

v.

NATIONAL SAVINGS AND TRUST COMPANY, a corporation, et al., Appellees.

No. 16005.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 24, 1961.

Decided Feb. 23, 1961.

Mr. Clarence G. Pechacek, Washington, D. C., with whom Messrs. Joseph A. Rafferty and Joseph A. Rafferty, Jr., Washington, D. C., were on the brief, for appellants.

Mr. Arthur P. Drury, Washington, D. C., with whom Messrs. John M. Lynham, John E. Powell, and Henry H. Paige, Washington, D. C., were on the brief, for appellee, National Savings and Trust Company, and certain other appellees.

Mr. Robert T. Murphy, Washington, D. C., submitted on the brief for appellee, College of the Immaculate Conception.

Messrs. William Howard Payne and Arthur P. Scibelli, Washington, D. C., filed a brief on behalf of appellee Washington Society for Hard of Hearing and their case was treated as submitted thereon.

Before Mr. Justice REED, retired,* and EDGERTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Appellants, father and son, asked the District Court to terminate certain provisions of a trust. The trustee and various contingent beneficiaries opposed, and summary judgment was entered in their favor. This appeal followed.

We need briefly summarize only presently operable facts. Mrs. Beatty's will provided that the income from seventy-five per cent of the trust was to be payable to her husband throughout his life. Upon his death, if the son should have attained the age of thirty years, one-half of that portion of the corpus was to be distributed to the son, the other half to be distributed to the son five years later.

As to the remaining twenty-five per cent of the corpus, the son would have been entitled to receive one-half in 1958 when he reached the age of thirty except for his assignment of that interest to his father. Under the will, the son would have received the remaining half five years after distribution of the first 12½%.

The will further provided that if the son should predecease the father, the seventy-five per cent of the whole estate "shall not be disbursed until my said husband's death," but shall then be distributed to some ten designated beneficiaries. They have not joined in but have opposed the appellants' petition.[1]

Father and son entered into an agreement by which they undertook to terminate the entire trust to the end that the father would receive the whole estate. They disregarded the fact that the terms of the will required that the son be living at the times of the various distributions as authorized.

Preserving a remainder interest for her son, the testatrix sought to secure to her husband for life the income of three-fourths of the trust. That was a valid and material purpose. Unlike Rust v. Rust,[2] that purpose has not yet been fulfilled.

Moreover, apart from the "material purpose" aspect, should the father and son die before the son shall have received

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

1. Cf. Liberty Nat. Bank v. Hicks, 1948, 84 U.S.App.D.C. 198, 201, 173 F.2d 631, 634, 9 A.L.R.2d 1355; McDonald v. Fulton Trust Co. of New York, 1939, 71 App.D.C. 36, 107 F.2d 237.

2. 1949, 85 U.S.App.D.C. 191, 193, 176 F.2d 66, 68.

the complete distribution as provided in the will,[3] one-half of the twenty-five per cent and the entire remaining seventy-five per cent may be distributable to the other named beneficiaries. Since these beneficiaries have not consented to an extinguishment of their rights, the agreement between father and son can achieve no such result.

There is no reason for declaring the trust invalid. The intention and purpose of the testatrix must be fulfilled.[4] The judgment of the District Court is

Affirmed.

---

3. No question arises as to the first half of the twenty-five per cent which became payable to the son when he attained the age of thirty.

4. Shelton v. King, 1913, 229 U.S. 90, 100, 101, 33 S.Ct. 686, 57 L.Ed. 1086.