Justice Scalia, with whom Justice Thomas joins,
dissenting.
I agree with the Court that petitioner Metropolitan Life Insurance Company (hereinafter petitioner) has a conflict of interest. A third-party insurance company that administers an ERISA-governed disability plan and that pays for benefits out of its own coffers profits with each benefits claim it rejects. I see no reason why the Court must volunteer, however, that an employer who administers its own ERISA-governed plan “clear [ly]” has a conflict of interest. See ante, at 112. At least one Court of Appeals has thought that while the insurance-company-administrator has a conflict, the employer-administrator does not. See Colucci v. Agfa Corp. Severance Pay Plan, 431 F. 3d 170, 179 (CA4 2005). I would not resolve this question until it has been presented and argued, and the Court’s unnecessary and uninvited resolution must be regarded as dictum.
The more important question is how the existence of a conflict should bear upon judicial review of the administrator’s decision, and on that score I am in fundamental disagreement with the Court. Even if the choice were mine as a policy matter, I would not adopt the Court’s totality-of-the-circumstances (so-called) “test,” in which the existence of a conflict is to be put into the mix and given some (unspecified) “weight.” This makes each case unique, and hence the outcome of each case unpredictable — not a reasonable position in which to place the administrator that has been explicitly given discretion by the creator of the plan, despite the existence of a conflict. See ante, at 121-122 (Roberts, C. J., concurring in part and concurring in judgment). More importantly, however, this is not a question to be solved by this Court’s policy views; our cases make clear that it is to be *128 governed by the law of trusts. Under that law, a fiduciary with a conflict does not abuse its discretion unless the conflict actually and improperly motivates the decision. There is no evidence of that here.
I
Our opinion in Firestone Tire & Rubber Co. v. Bruch, 489 U. S. 101 (1989), does not provide the answer to the all-important question in this case, but it does direct us to the answer. It held that federal cofirts hearing 29 U. S. C. § 1132(a)(1)(B) claims should review the decisions of ERISAplan administrators the same way that courts have traditionally reviewed decisions of trustees. 489 U. S., at 111. In trust law, the decision of a trustee who was not vested with discretion would be reviewed de novo. Id., at 112-113. Citing the Restatement of Trusts current at the time of ERISA’s enactment, Firestone acknowledged that courts traditionally would defer to trustees vested with discretion, but rejected that course in the case at hand because, among other reasons, the Firestone plan did not vest its administrator with discretion. Id., at 111 (citing Restatement (Second) of Trusts § 187 (1957) (hereinafter Restatement)). Accordingly, Firestone had no occasion to consider the scope of, or limitations on, the deference accorded to fiduciaries with discretion. But in sheer dictum quoting a portion of one comment of the Restatement, our opinion said, “[o]f course, if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a ‘facto[r] in determining whether there is an abuse of discretion.’” 489 U. S., at 115 (quoting Restatement § 187, Comment d).
The Court takes that throwaway dictum literally and builds a castle upon it. See ante, at 115-118. But the dictum cannot bear that weight, and the Court’s “elucidation” of the sentence does not reveal trust-law practice as much as it reveals the Justices’ fondness for a judge-liberating totality-of-the-circumstances “test.” The Restatement does *129 indeed list in Comment d certain circumstances (including conflict of interest) that “may be relevant” to deciding whether a trustee has abused his discretion.[1] It does not, however, suggest that they should all be chucked into a brown paper bag and shaken up to determine the answer. Nowhere does it mention the majority’s modus operandi of “weighing” all these factors together. To the contrary, the immediately following Comments (e-l) precisely elaborate upon how some of those factors (factor (1), extent of discretion, see Comment j; factor (4), existence of an external standard for judging reasonableness, see Comment i; factors (5) and (6), motives of the trustee and conflict of interest, see Comment g) are relevant — making very clear that each of them can be alone determinative, without the necessity of “weighing” other factors. These later Comments also address other factors not even included in the earlier listing, some of which can be alone determinative. See Comment h, Trustee’s failure to use his judgment; Comment k, Limits of power of settlor to confer discretion.
Instead of taking the pain to reconcile the entirety of the Restatement section with the Firestone dictum, the Court treats the dictum like a statutory command, and makes up a standard (if one can call it that) to make sense of the dictum. The opinion is painfully opaque, despite its promise of elucidation. It variously describes the object of judicial review as “determining whether the trustee, substantively or proce *130 durally, has abused his discretion” (ante, at 115), determining “the lawfulness of benefit denials” {ante, at 117), and as tantamount to “review of agency factfinding” (ibid.). How a court should go about conducting this review is unclear. The opinion is rife with instruction on what a court should not do. See ante, at 115-116. In the final analysis, the Court seems to advance a gestalt reasonableness standard (a “combination-of-factors method of review,” the opinion calls it, ante, at 118), by which a reviewing court, mindful of being deferential, should nonetheless consider all the circumstances, weigh them as it thinks best, then divine whether a fiduciary’s discretionary decision should be overturned.[2] Notwithstanding the Court’s assurances to the contrary, ante, at 115-117, that is nothing but de novo review in sheep’s clothing.[3]
Looking to the common law of trusts (which is, after all, what the holding of Firestone binds us to do), I would adopt the entirety of the Restatement’s clear guidelines for judicial review. In trust law, a court reviewing a trustee’s decision would substitute its own de novo judgment for a trustee’s only if it found either that the trustee had no discretion in making the decision, see Firestone, supra, at 111-112, or that the trustee had discretion but abused it, see Restatement *131 § 187. Otherwise, the court would defer to the trustee. Cf. Shelton v. King, 229 U. S. 90, 94-95 (1913). “Abuse of discretion,” as the Restatement uses the term, refers specifically to four distinct failures: The trustee acted dishonestly; he acted with some other improper motive; he failed to use judgment; or he acted beyond the bounds of a reasonable judgment. See Restatement § 187, Comment e.
The Restatement discusses all four of these manners of abusing discretion successively, in Comments f g, h, and i, describing the aim of a court’s inquiry into each. A trustee abuses his discretion by acting dishonestly when, for example, he accepts bribes. See id., § 187, Comment f. A trustee abuses his discretion by failing to use his judgment, when he acts “without knowledge of or inquiry into the relevant circumstances and merely as a result of his arbitrary decision or whim.” Id., § 187, Comment h. A trustee abuses his discretion by acting unreasonably when his decision is substantively unreasonable either with regard to his exercise of a discretionary power or with regard to his assessment of whether the preconditions to that exercise have been met.[4] See id., § 187, Comment i. And — most important for this case —a trustee abuses his discretion by acting on an improper motive when he acts “from a motive other than to further the purposes of the trust.” Id., § 187, Comment g. Improper motives include “spite or prejudice or to further some interest of his own or of a person other than the beneficiary.” Ibid, (emphasis added).
The four abuses of discretion are clearly separate and distinct. Indeed, the circumstances the Restatement identifies as relevant for finding each abuse of discretion are not identi *132 fied as relevant for finding the other abuses of discretion. For instance, “the existence or non-existence, the definiteness or indefiniteness, of an external standard by which the reasonableness of the trustee’s conduct can be judged,” id,., § 187, Comment d, is alluded to only in the later Comment dealing with abuse of discretion by acting beyond the bounds of reasonable judgment, id., § 187, Comment i. And particularly relevant to the present case, “the existence or nonexistence of an interest in the trustee conflicting with that of the beneficiaries,” id., § 187, Comment d, is mentioned only in the later Comment dealing with abuse of discretion by reason of improper motive, id., § 187, Comment g. The other Comments do not even hint that a conflict of interest is relevant to determining whether one of the other three types of abuse of discretion exists.
Common sense confirms that a trustee’s conflict of interest is irrelevant to determining the substantive reasonableness of his decision. A reasonable decision is reasonable whether or not the person who makes it has á conflict. If it were otherwise, the consequences would be perverse: A trustee without a conflict could take either of two reasonable courses of action, but a trustee with a conflict, facing the same two choices, would be compelled to take the course that avoids the appearance of self-dealing. He would have to do that even if he thought the other one would better serve the beneficiary’s interest, lest his determination be set aside as unreasonable. It makes no sense to say that a lurking conflict of interest, or the mere identity of the trustee, can make a reasonable decision unreasonable, or a well-thought-out, informed decision uninformed or arbitrary. The Restatement echoes the commonsensical view: It explains that a court applying trust law must pretermit its inquiry into whether a trustee abused his discretion by acting unreasonably when there is no standard for evaluating reasonableness, but “[i]n such a case . . . the court will interpose if the trustee act[ed] dishonestly, or from some improper motive.” Id., § 187, *133 Comment i. That explanation plainly excludes the court’s “weighing” of a trustee’s conflict of interest.
A trustee’s conflict of interest is relevant (and only relevant) for determining whether he abused his discretion by acting with an improper motive. It does not itself prove that he did so, but it is the predicate for an inquiry into motive, and can be part of the circumstantial evidence establishing wrongful motive. That circumstantial evidence could theoretically include the unreasonableness of the decision— but using it for that purpose would be entirely redundant, since unreasonableness alone suffices to establish an abuse of discretion. There are no gradations of reasonableness, so that one might infer that a trustee acted upon his conflict of interest when he chose a “less reasonable,” yet self-serving, course, but not when he chose a “more reasonable,” yet self-serving, course. Reasonable is reasonable. A reasonable decision is one over which reasonable minds seeking the “best” or “right” answer could disagree. It is a course that a trustee acting in the best interest of the beneficiary might have chosen. Gradating reasonableness, and making it a “factor” in the improper-motive determination, would have the precise effect of eliminating the discretion that the settlor has intentionally conferred upon the trustee with a conflict, for such a trustee would be foreclosed from making an otherwise reasonable decision. See supra, at 132 and this page.
Respondent essentially asks us to presume that all fiduciaries with a conflict act in their selfish interest, so that their decisions are automatically reviewed with less than total deference (how much less is unspecified). But if one is to draw any inference about a fiduciary from the fact that he made an informed, reasonable, though apparently self-serving discretionary decision, it should be that he suppressed his selfish interest (as the settlor anticipated) in compliance with his duties of good faith and loyalty. See, e. g., Gregory v. Moose, 266 Ark. 926, 933-934, 590 S. W. 2d 665, *134 670-671 (1979) (citing Jarvis v. Boatmen’s Nat. Bank of St. Louis, 478 S. W. 2d 266, 273 (Mo. 1972)). Only such a presumption can vindicate the trust principles and ERISA provisions that permit settlors to appoint fiduciaries with a conflict in the first place. See Pegram v. Herdrich, 530 U. S. 211, 225 (2000).
II
Applying the Restatement’s guidelines to this case, I conclude that the only possible basis for finding an abuse of discretion would be unreasonableness of petitioner’s determination of no disability. The principal factor suggesting that is the finding of disability by the Social Security Administration (SSA). But ERISA fiduciaries need not always reconcile their determinations with the SSA’s, nor is the SSA’s conclusion entitled to any special weight. Cf. Black & Decker Disability Plan v. Nord, 538 U. S. 822, 834 (2003). The SSA’s determination may have been wrong, and it was contradicted by other medical opinion.
We did not take this case to make the reasonableness determination, but rather to clarify when a conflict exists, and how it should be taken into account. I would remand to the Court of Appeals for its determination of the reasonableness of petitioner’s denial, without regard to the existence of a conflict of interest.

 Comment d provides in full: “Factors in determining whether there is an abuse of discretion. In determining the question whether the trustee is guilty of an abuse of discretion in exercising or failing to exercise a power, the following circumstances may be relevant: (1) the extent of the discretion conferred upon the trustee by the terms of the trust; (2) the purposes of the trust; (3) the nature of the power; (4) the existence or non-existence, the definiteness or indefiniteness, of an external standard by which the reasonableness of the trustee’s conduct can be judged; (5) the motives of the trustee in exercising or refraining from exercising the power; (6) the existence or nonexistence of an interest in the trustee conflicting with that of the beneficiaries.”

 I do not take the Court to adopt respondent’s position that courts should consider all the circumstances to determine how much deference a trustee’s decision deserves. See Brief for Respondent 46-50. The opinion disavows that reading. See ante, at 115 (“We do not believe that Firestone’s statement implies a change in the standard of review, say, from deferential to de novo review”). Of course when one is speaking of deferring to the judgment of another decisionmaker, the notion that there are degrees of deference is absurd. There are degrees of respect for the decisionmaker, perhaps — but the court either defers, or it does not. “Some deference,” or “less than total deference,” is no deference at all.

 The Solicitor General proposes an equally gobbledygook standard: “Reasonableness Under The Totality Of The Circumstances,” a.k.a. “[Review ... as searching ... as the facts and circumstances . .. warrant,” by which a reviewing court takes “extra care” to ensure that a decision is reasonable. See Brief for United States as Amicus Curiae 22, 25.

 The latter is the sort of discretionary decision challenged in this case. Petitioner, as a precondition to paying respondent’s benefits, had to assess whether she was disabled. Cf. Restatement § 187, Comment i, Illustration 9 (dealing with a trustee’s assessment of a beneficiary’s competence to manage property, which is the condition of the trustee’s obligation to pay the principal of the trust to that beneficiary).